**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ROOSEVELT MAURICE HOGG,           )
                Plaintiff,      )
      vs.                                               )   3:15-cv-00158-RCJ-WGC
                             )   **ORDER**
COX et al.,                                        )
                Defendants.   )

      Plaintiff is a prisoner in the custody of the State of Nevada. He sued Defendants in this court based on alleged due process violations at his initial classification hearing. The Court dismissed upon screening, without leave to amend, ruling that Plaintiff was simply dissatisfied with the outcome of the hearing, i.e., his classification as a sex offender. The Court declined to exercise supplemental jurisdiction over the state law claims. Plaintiff asks the Court to reconsider, arguing that he did not in fact have advance notice of the hearing, did not have the ability to call witnesses or present documentary evidence, and was not given a written statement by the fact-finder of the evidence relied upon and the reasons for the classification.

      The Court finds that it ultimately does not matter whether any particular process was provided, because classification as a sex offender is insufficient without more to implicate a liberty interest under the Due Process Clause. Rather, inmate classification must necessarily result in a condition of confinement that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). To satisfy this standard, the stigma of being labeled as mentally ill or as a sex offender must be coupled with some resulting additional restriction on one's freedom. *Neal v. Shimoda*, 131 F.3d

818, 828–30 (9th Cir. 1997) (finding that a liberty interest was implicated where classification as a sex offender mandated completion of a sex offender treatment program before a prisoner so classified was eligible for parole).  Mere classification as a sex offender does not implicate a liberty interest under the Due Process Clause, even if mandatory treatment is involved, unless failure to complete the treatment will result in some additional deprivation cognizable under *Sandin*. *Id.* at 830; *Cooper v. Garcia*, 55 F. Supp. 2d 1090, 1102 (S.D. Cal. 1999) (*citing id.*) (dismissing a due process claim based on classification as a sex offender where the only alleged effect on the plaintiff's liberty was the denial of visitation privileges that did not rise to the level of a liberty interest under *Sandin*); *Barno v. Ryan*, 399 Fed. Appx. 272, 273 (9th Cir. Oct. 12, 2010) (citing *Sandin*, 515 U.S. at 484; *Neal*, 131 F.3d at 827–28) (affirming dismissal of a similar claim for the same reason).  Plaintiff here has alleged no cognizable deprivation resulting from his classification.  He alleges only "stigma" and having been entered into a sex offender database.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Reconsider (ECF Nos. 7, 12) are DENIED.

IT IS SO ORDERED.

Dated this 16th day of September, 2015.

_____
ROBERT C. JONES
United States District Judge