1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8    ROOSEVELT MAURICE HOGG,                    )
                                                )
9                 Plaintiff,                     )
                                                )
10         v.                                    )        3:15-cv-00158-RCJ-WGC
                                                )
11   COX et al.,                                 )        **ORDER**
                                                )
12                Defendants.                    )
                                                )
13   _____ )

14

15        This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a

16   former state prisoner.  On October 18, 2016, on remand from the Ninth Circuit, this Court

17   issued an order directing Plaintiff to file an amended complaint within thirty days.  (ECF No.

18   19 at 2).  The thirty-day period has now expired, and Plaintiff has not filed an amended

19   complaint or otherwise responded to the Court's order.

20        District courts have the inherent power to control their dockets and "[i]n the exercise of

21   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

22   *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court

23   may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure

24   to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52,

25   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963

26   F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring

27   amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

28   for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

     address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

1  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

2  (dismissal for lack of prosecution and failure to comply with local rules).

3  In determining whether to dismiss an action for lack of prosecution, failure to obey a

4  court order, or failure to comply with local rules, the court must consider several factors: (1)

5  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

6  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

7  cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d

8  at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-

9  61; *Ghazali*, 46 F.3d at 53.

10  In the instant case, the Court finds that the first two factors, the public's interest in

11  expeditiously resolving this litigation and the Court's interest in managing the docket, weigh

12  in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

13  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in

14  filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

15  F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases

16  on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

17  Finally, a court's warning to a party that his failure to obey the court's order will result in

18  dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

19  *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The Court's order requiring

20  Plaintiff to file an amended complaint within thirty days expressly stated: "IT IS FURTHER

21  ORDERED that if Plaintiff fails to file an amended complaint curing the deficiencies outlined

22  in the screening order, this action shall be dismissed, with prejudice, for failure to state a

23  claim." (ECF No. 19 at 3).  Thus, Plaintiff had adequate warning that dismissal would result

24  from his noncompliance with the Court's order to file an amended complaint within thirty days.

25  It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's

26

27

28

2

1  failure to file an amended complaint in compliance with this Court's October 18, 2016, order.[1]

2       It is further ordered that the Clerk of Court shall enter judgment accordingly.

3

4       DATED: This 6th day of December, 2016.

5

6                         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26  [1] The Court further notes that Plaintiff failed to file an updated change of address with this Court following his release from prison.  Pursuant to Nevada Local Special Rule 2-2, "[t]he

27  plaintiff must immediately file with the court written notification of any change of address. The notification must include proof of service on each opposing party or the party's attorney.

28  Failure to comply with this rule may result in dismissal of the action with prejudice."  Nev. Loc. Special R. 2-2.